Hear ye, hear ye, hear ye. The United States Court of Appeals for the Fifth Circuit is now open according to law. God save the United States in this honorable court. All right, we are going to begin with the first case of the day, which is cause number 19-20709, United States of America v. Christopher Jones. Is the appellant ready to proceed? Yes, Your Honor. Ms. Fiery, are you ready to proceed? Yes, Your Honor. All right, thank you. Is it Kuniansky or Kunansky? Kuniansky, Your Honor. All right, you may proceed. May it please the court, Richard Kuniansky on behalf of appellant Christopher Jones. Mr. Jones was on bond for having committed an armed robbery, on bond in state court. The police had him under surveillance, suspecting he may commit another robbery, and they were correct. And he robbed a cash store. And as he exited the store, the moment he exited, he was shot eight times, all on video. This raised two issues. It raised a sentencing issue regarding whether he obstructed justice by fleeing the police. And it raised a bigger issue of whether he discharged a firearm. At his rearrangement, he was told by Judge Hittner, who, you know, quite candidly was led astray by the prosecutor, that it was sufficient for the discharge if the gun was discharged by the police officer. This, of course, was incorrect as a matter of law. And the defendant at the rearrangement was the only one in the court that seemed to be protesting this. And he subsequently filed a 2255, asserting that he did not commit the offense of discharging a firearm because it was done by the police officer. And at that point in time, I was appointed to represent him on the 2255. And of course, the conviction for the discharge was set aside, and he pled guilty again, was resentenced again. And at the resentencing, there was what I would call a presumptive sentence. That is, once again, he would probably get the upper end of the guidelines for the robbery, and then he would get a mandatory seven-year consecutive sentence rather than the mandatory 10-year consecutive sentence. However, Judge Hittner sentenced him much higher on the robbery case with the exact same facts before it as it had before. And I made a contemporaneous objection that it was violating the rule of North Carolina v. Pierce. Judge Hittner said in so many words, it's based on the same criminal history that was before him the first time. And now we are... One more thing I need to add that is important. In addition, I filed objections to the pre-sentence investigation report that he did not commit... That he didn't obstruct justice by fleeing from the store. And of course, it was pretty apparent that he didn't because he was shot, literally, within one second of exiting the store, he was shot eight times. How could he flee the police? Judge Hittner sustained that objection, which reduced his guideline score by two points. So even though his guideline score was reduced by two points on the robbery charge, the sentence was increased. Now, as the government... Mr. Koniewski. Yes, Your Honor. You mentioned that the district court granted your objection, which seems inconsistent with the idea of vindictiveness. The district court also appointed you, which is rare in a 2255, as you know, to get a court-appointed counsel. And when he appointed you, I think, because I think your client had argued ineffectiveness, and the district court said, well, your better argument might be due process. So look into that, Mr. Koniewski. I mean, it seems to me the district court's doing all this stuff to aid your client in obtaining some relief. How do you reconcile that with your argument that the district judge was vindictive? I will tell you how I reconcile it. I think the judge, Judge Hittner, correctly realized that he had been led down the primrose path, and that he had made a mistake, and there was no question that he incorrectly advised the defendant at his rearrangement what the elements are. Regarding appointing me, what actually happened is the government, a different prosecutor than the trial prosecutor, realized there was an issue here, and that he did need appointed counsel, that this wasn't just one of your run-of-the-mill frivolous 2255s. So it was at that point I was appointed. I don't recall whether it was via the magistrate judge or Judge Hittner, but in any event, he did effectively appoint me at that time. And I have cited a case in my reply brief that even though a judge may grant a motion for new trial, that doesn't mean that he can't be found to have been vindictive. And I don't think vindictive... What if Judge Hittner just on the gun charge had just imposed the same 10-year sentence? Because all that really changed was the minimum, right? It was the first time it was viewed as a 10 to life potential sentence, and then it just said, I'm going to stick with my 10. I know the minimum changed, but I think 10 is appropriate, which would be a bigger sentence than your client has now. Would that be vindictive? I would call that vindictive, absolutely. I mean, he complained that he didn't discharge, that it was a branditious seven-year. Most definitely, if he had been given a 10-year on that after successfully challenging it, I claim that it would be vindictive. Now, I think the government and I are on agreement on something, which is this rule, the aggregate sentence rule. And I understand that, but there's a little bit of a twist here on the aggregate sentence rule. And I guess the question is, how far is the court going to press that blindly? Because I gave an example in my reply brief, but let's just assume any case that the judge sustains numerous sentencing guideline objections, knocking it all the way down to zero, zero to six. But under the aggregate sentence rule, he could sentence to anything that he wants to sentence, as long as the aggregate sentence is less than the previous sentence. I think in that case, it would be clearly vindictive. So in this case, we sort of have that. We have the judge sustaining an objection, reducing the guideline sentence, and then increasing the sentence for that count. So I guess it reaches the point that the guy, if that's going to be the law, the guidelines just get thrown out the window. Because really, whether the enhancements are sustained or not sustained, it really becomes irrelevant. But as long as you're asking, I'm having trouble following your argument about the judge's vindictiveness. You said in response to Judge Costa's question that he was led down a primrose path by the prosecutor. Yes. And so he, because the prosecutor misled him, he now, he takes it out on the defendant, who you said was protesting the whole time. I mean, is that your argument? That's your evidence of the judge being vindictive? Let's go a step further, though. He is made to look foolish, quite frankly. I mean, I don't want to, I mean, I respect Judge Hintner, but the bottom line is, he's on record advising a defendant completely wrong as to, you know, what it takes to discharge. And you have some... But that wasn't the defendant's fault. You're suggesting he's punishing the defendant for something the prosecutor led him to do. I guess that would be true, Your Honor. But nevertheless, it made him look very foolish. And so I think if we... Let's back up a step. Let's assume in the very beginning that he had been charged correctly and that he had pled to the discharge as opposed, not the discharge, the brandishing as opposed to the discharge. I think we all know what the sentence would have been. Judge Hintner would have maxed him out on the gun count. He would have given him a consecutive seven year. But because a mistake is made, he's now getting a higher sentence. So yes, I would call that vindictive. Counsel, we received the 28-J letter last week from the government. And I don't know, I could be wrong, but I don't think we got a response. Would you care to respond to the U.S. v. Douglas case that's cited in the letter as well as the Pinedo-Aparicio case? Yes, Your Honor. Both those cases have something favorable to me and something unfavorable. They both talk about whether or not there's any additional evidence before the court. In this case, there's absolutely nothing additional. But then they reaffirm the aggregate sentence rule. I agree the aggregate sentence rule is the rule in the circuit. So I'm not going to be able to get around the aggregate sentence rule. But what that rule does is it says there's no presumption of vindictiveness, that there has to be actual vindictiveness. So what we're contending is the sentence was actually vindictive. And I don't think vindictive in this sense means Judge Hittner has some dislike for the defendant. And he's, you know, I think it means simply that he's sentencing higher. In this case, he was, you know, made to look foolish. He didn't give the presumptive sentence. Instead, he gave a higher sentence. And I don't think it was fair to the defendant to receive a higher sentence than if he had been sentenced correctly in the very beginning. I think we all know the sentence he would have received. Unless there's anything further from the court, I think I've made the arguments that I care to put forth. All right. Thank you, Mr. Skownianski. Ms. Bari. May I please the court, Loretta Berry for the United States. The test for vindictiveness was established in this court 23 years ago in the Campbell case, when this court adopted the there's no presumption of vindictiveness if the aggregate re-sentence on related counts is less than the total original sentence. The rule is in full force today, your honors, as expressed in our 28-J letter. The Douglas case from this circuit and Panato-Aparicio recognized this rule. So here, the aggregate re-sentence of 180 months total is 27 months less than the original sentence of 207 months. So there's no presumption of vindictiveness in this case. And Jones must establish under this court's precedent, actual vindictiveness by Judge Hittner. He must show retaliatory animus on this record. There is no evidence of any kind of vindictiveness on this record. The Supreme Court's holding and this court's holding demonstrate why this is so. This court's holding in Campbell cited Texas versus McConnell, the Supreme Court opinion, which recognized that when the trial judge himself grants relief from the original sentence, there's no vindictiveness. In fact, the Supreme Court stated, we declined to adopt view that the judicial temperament of our nation's judges will suddenly change after a successful post-trial motion. And in this case, it was Judge Hittner himself who granted relief to Jones on 2255 without reversal from a higher court. He imposed a lesser aggregate sentence of 10 years. Cataldo, this court's holding in Cataldo is very instructive because that was also a 2255 case. And in that case, the district court vacated a Hobbs Act conviction count and a federal bank count on grounds of double jeopardy. But at resentencing on the court reimposed the same original sentence as he had previously imposed and the two related counts. And this court upheld that recognizing that it was to effectuate the district court's intent to punish a single course of conduct. And that's exactly what we have here, your honors. Judge Hittner was exercising his discretion under 3553A, which he is entitled to great deference under this court's decision in Campbell and under the Supreme Court's decision in Wassman, which was cited in Campbell. So the court has the authority to reshape the sentence on related counts, to reconsider the totality of the circumstances and to fashion a sentence that fits the crime. In this case, interrelated counts, Hobbs Act robbery and a firearm count and the criminal himself, the criminal history. So at record 235 of the original sentencing, the district court expressed serious concern over a 22-year-old who had a category four criminal history. At the age of 22, he had accrued a theft conviction, a conviction for assault with bodily injury, four previous drug convictions, all of that in addition to a previous state robbery that he had committed 11 days before the incident federal offense. So at resentencing under Campbell and Wassman, this court can reconsider all of those same facts, all of the same circumstances to effectuate his intent to punish the same course of conduct, the Hobbs Act and interrelated firearm count and the criminal history. So long as the aggregate total sentence does not exceed the original sentence. And here Judge Hittner correctly recited the law. At record 267, he explained to Jones when Jones raised the Pierce objection that in fact he had not increased the overall sentence, overall aggregate sentence. He recited that the original sentence was 207 months and the new sentence he was imposing was less, 180 months. So what does the appellant offer this court today and in his reply brief to show that Judge Hittner, a well-respected judge of over 30 years, acted with actual vindictiveness on the record? Well, he cites this court to an 11th circuit case which has since been disavowed by the 11th the Monaco's count by count approach and adopted this court's aggregate approach in Campbell. He cites the court to the dissenting opinion in Vonstein. Vonstein issued before this court's decision in Campbell, but in any event, this court's en banc majority recognized that the a bribery-related count as the court had previously imposed in 21 related counts. And finally, he cites this court to Resendez, Mendez, and Soriano, but those cases are factually distinguishable because they only involved one count of conviction. It was an illegal reentry count and there was no doubt that on resentencing, the sentence on that one count had increased. The Supreme Court has held many times that judicial vindictiveness does not exist in a vacuum. And in this case, there are no facts on this record to establish that Judge Hittner was actually vindictive. If there's no questions, I would... Ms. Mary, what about Mr. Kudyansky's argument about the guidelines being lower here too, that that should be factored into the our analysis? Well, in 2012, this court issued the Teal opinion, which was a post guidelines case. And this court said, you must follow the Campbell approach, which looks at the overall sentence itself. And in a footnote eight, the defendant made the exact same argument that he makes here that, no, you should look at the count and see if it increases. Don't look at the overall, just look at the count. And if the single count increases on resentencing, then that is unconstitutional. And the court absolutely rejected that, this court did in footnote eight and said, no, by the rule of orderliness, you must follow this court's precedent, which looks at the overall sentence. And it did not make any distinction with respect to the guidelines, Your Honor. I respectfully request that the court affirm the judgment. Thank you, Counsel. Mr. Kudyansky, rebuttal? Yes, Your Honor, I shall be brief. I don't think we have as many disagreements with the government as the government is setting forth. We agree that the aggregate rule is the rule in this circuit, and we're not saying otherwise. The question, what the aggregate rule does though, is there's no presumption of vindictiveness. It guidelines, and the government responded that the count-by-count approach has been eliminated by this court. We agree. We agree the aggregate applies. But I still stick to the position that when you're lowering the guidelines, it's some evidence of vindictiveness that you're then raising the sentence. What if several more enhancements were knocked down? As I set forth in my reply brief, as I previously said, that just means the guidelines get thrown out the window. And then the Von Steen dissent, what they talked about, vindictiveness isn't kind of a mean judge being mean to the defendant. It's just showing that a defendant shouldn't have to fear motion for new trial 2255 that he should be getting the relief to which he's entitled. So we would ask that this case be sent back for a third sentencing. All right, thank you. The court will take this matter under advisement. Mr. Koniansky, Ms. Barry, you are free to leave, and we'll prepare for the call the next case.